UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VLADIMIR PITALUGA LINARES,

       Petitioner,

       v.                          Case No.:  2:26-cv-01626-SPC-KRH

U.S. ATTORNEY GENERAL *et al.*,

       Respondents,

---

## **OPINION AND ORDER**

Before the Court are petitioner Vladimir Pitaluga Linares's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Pitaluga Linares is a native of Cuba who was paroled into the United States on May 20, 2005.  An immigration judge ordered him removed on April 10, 2024, because of a 2016 conviction for possession of cocaine.  Immigration and Customs Enforcement ("ICE") determined there was no significant likelihood of removal in the reasonably foreseeable future, so it released him under an order of supervision on May 2, 2024.  On October 31, 2025, Pitaluga Linares reported to ICE for a routine check-in, and ICE revoked his release and arrested him.  He is currently detained at Alligator Alcatraz.  Pitaluga Linares challenges the legality of his detention because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Pitaluga Linares has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him in 2024, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden thus shifts to the government. An ICE deportation officer claims ICE intends to attempt removal to Mexico, but it has taken no steps to do so since arresting Pitaluga Linares in October 2025, and there is no evidence that Mexico has agreed to accept him.

The Court finds no significant likelihood Pitaluga Linares will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Pitaluga Linares to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Vladimir Pitaluga Linares' Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Pitaluga Linares within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record